UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:19-CV-81446-DLB

EARLETTA BLACKWOOD,

    Plaintiff,

v.

C. R. BARD, INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.

## JOINT MOTION FOR TEMPORARY STAY
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Earletta Blackwood ("Plaintiff") and Defendants, C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to as the "Parties"), respectfully submit this Joint Motion for Temporary Stay and Incorporated Memorandum of Law.  The Parties request that this Court stay this case and all actions in it for a period of ninety (90) days to permit them to continue negotiations of a settlement in this case.  The Parties believe that a stay is necessary to conserve their resources and attention so that they may attempt to resolve this case.  Accordingly, the Parties jointly request that the Court enter a stay of discovery and all pretrial deadlines in this case for a period of ninety (90) days.

### MEMORANDUM OF LAW

Mediation in the case was held on September 3, 2020 with Craig Phillips as the mediator. [D.E. 73]  As indicated by the Mediation Report, the case did not settle.  *Id.*  However, the Parties have recently resumed settlement discussions in this case.  The Parties believe that their resources are best directed to focusing their efforts on potential settlement, as they have been able to

successfully do in other similar cases transferred from the MDL. Thus, the Parties jointly move this Court to enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

This Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Castle v. Appalachian Tech. Coll.*, 430 F. App'x 840, 841 (11th Cir. 2011) (district courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (citations omitted)); *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket")); *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) ("Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency.").

Further, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence, upon a showing of good cause and

reasonableness. *Houston v. 7-Eleven, Inc.*, No. 2:14-CV-441-FTM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015). Facilitating the Parties' efforts to resolve their dispute entirely where discussions have resumed in earnest for a potential settlement, is reasonable and constitutes good cause for granting the requested short-term stay of discovery. *See, e.g.*, *PNC Bank, Nat'l Ass'n v. Pharis*, 2:18-CV-626-FTM-99CM, 2018 WL 5807351, at *1 (M.D. Fla. Nov. 6, 2018) (finding good cause to stay proceeding for a period of sixty (60) days appropriate pending mediation and settlement discussions); *Technocable Wiring Specialist, Inc. v. Genesis Networks Telecom Servs.*, LLC, 8:16-CV-2590-T-35MAP, 2017 WL 7311851, at *1 (M.D. Fla. June 15, 2017) (stay appropriate while parties resolve case and finalize settlement).

Accordingly, the Parties respectfully request that the Court enter a stay of all activity in this case, for a period of ninety (90) days.

**WHEREFORE**, the Parties respectfully request that this Court enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

Dated: February 11, 2021

                                                                 Respectfully submitted,

| | |
|---|---|
| */s/ Cameron Dean* | */s/ Rebecca A. Ocariz* |
| Cameron Dean | Rebecca A. Ocariz |
| *Admitted Pro Hac Vice* | Florida Bar No. 0156302 |
| Email: cdean@martinbaughman.com | Email: ocarizr@gtlaw.com |
| Ben C. Martin | Sabrina R. Gallo |
| Email: bmartin@martginbaughman.com | Florida Bar No.: 419273 |
| **MARTIN BAUGHMAN, PLLC** | Email: gallos@gtlaw.com |
| 3710 Rawlins Street, Suite 1230 | **GREENBERG TRAURIG, P.A.** |
| Dallas, TX 75219 | 333 S.E. 2nd Avenue, 44th Floor |
| Tel.: (214) 761-6614 | Miami, Florida 33131 |
| | Tel.: (305) 579-0500 |
| Joseph R. Johnson | Fax: (305) 579-0717 |
| Email: jjohnson@babbitt-johnson.com | |
| **BABBITT & JOHNSON, P.A.** | *Counsel for Defendants C. R. Bard, Inc. and* |
| 1641 Worthington Road, Suite 100 | *Bard Peripheral Vascular, Inc.* |
| West Palm Beach, FL 33409 | |
| Tel.: (561) 684-2500 | |
| Fax.: (561) 684-6308 | |

*Counsel for Plaintiff Earletta Blackwood*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                        */s/ Rebecca A. Ocariz*
                                                                        Rebecca A. Ocariz

## SERVICE LIST

Cameron Dean
Email: cdean@martinbaughman.com
Ben C. Martin
Email: bmartin@martginbaughman.com
**MARTIN BAUGHMAN, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, TX 75219

Joseph R. Johnson
Email: jjohnson@babbitt-johnson.com
**BABBITT & JOHNSON, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409